United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

CARLOS RAY BREWSTER, Jr.,

        Plaintiff,

    v.

JUDGE HENRY T. WINGATE, et. al.,

        Defendant.
_____/

No. C 14-3346 NJV (PR)

**ORDER OF DISMISSAL**

Plaintiff has filed a pro se civil rights complaint. The court granted Plaintiff leave to proceed in forma pauperis. (Doc. 7.)

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**B.     Legal Claims**

Plaintiff is a federal prisoner currently incarcerated in Lompoc, CA, which is located in the Central District of California.  He was sentenced to 262 months of imprisonment, based on a conviction in the Southern District of Mississippi. *U.S. v. Brewster*, 137 F.3d 853 (5th Cir. 1998).  Named as Defendants in this action are Judge Henry T. Wingate of the Southern District of Mississippi, and the Clerk of that Court.  After reviewing Plaintiff's complaint, it is not clear the relief that he seeks or the nature of his claim.  He states that the Defendants improperly removed money from his prison trust account and he states that there were two disbursements of one billion dollars each.  Plaintiff seeks his release from prison.

A civil rights action is not the proper vehicle to seek release from prison.  Plaintiff must file a § 2255 or § 2241 action if appropriate.  Moreover, a federal judge is absolutely immune from civil liability for acts performed in his judicial capacity and, unlike the judicial immunity available to state judges sued under § 1983, a federal judge's immunity is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief. *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996); *Mullis v.*

*U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under *Bivens*).  This is because Congress has provided carefully structured procedures for taking appeals and for petitioning for extraordinary writs in Title 28 of the United States Code if a federal judge violates a litigant's constitutional rights in a proceeding pending in federal court.  *See id.*  Absolute immunity "is not reserved solely for judges, but extends to nonjudicial officers for all claims relating to the exercise of judicial functions."  *Burton v. Infinity Capital Management*, 753 F.3d 954, 959 (9th Cir. 2014) (internal quotations and citations omitted).  Courts "take a functional approach to whether a nonjudicial officer is entitled to absolute quasi-judicial immunity by looking to 'the nature of the function performed and not to the identity of the actor performing it.'"  *Id.* at 960 (quoting *Curry v. Castillo*, 297 F.3d 940, 948 (9th Cir. 2002)).

Both Defendants are immune from suit.  Further, neither Defendant is located in this district, and none of the improprieties is alleged to have occurred in this district.  No amount of amendment would cure these deficiencies.  Accordingly, the court will dismiss this case without leave to amend for failure to state a claim on which relief can be granted.

## CONCLUSION

1. The complaint is **DISMISSED** with prejudice for the reasons set forth above.

2. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: August 6, 2014.

NANDOR J. VADAS
United States Magistrate Judge

G:\PRO-SE\NJV\CR.14\Brewster3346.dis.wpd

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CARLOS RAY BREWSTER, JR., <br><br> Plaintiff, <br><br> v. <br><br> JUDGE HENRY T. WINGATE, et al, <br><br> Defendants. _____/ | No.1:14-CV-3346 NJV <br><br> **CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that on August 6, 2014, I served true and correct copies of the attached by placing said copies in postage paid envelopes addressed to the person(s) listed below, and depositing said envelopes in the U.S. Mail.

Carlos Ray Brewster, Jr.
04045043
LOMPOC
U.S. PENITENTIARY
Inmate Mail/Parcels
3901 KLEIN BLVD
LOMPOC, CA 93436


/s/ *Linn Van Meter*
Linn Van Meter
Administrative Law Clerk to the
Honorable Nandor J. Vadas

4